IN THE DISTRICT COURT OF THE UNITED STATES
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | C/A NO.: 4:19 CR 00198 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | NOTICE OF MOTION AND MOTION |
| | ) | FOR VARIANCE IN SENTENCE |
| CORNELL JUNIOUS MURRAY, II., | ) | AND MEMORANDUM IN |
| | ) | SUPPORT OF VARIANCE |
| Defendant. | ) | |
| | ) | |

## MOTION FOR VARIANCE

COMES NOW THE DEFENDANT, Cornell Junious Murray, II, by and through undersigned counsel of record, and moves this Honorable Court for a variance of his sentence and herein seeks consideration in this case for sentencing under 18 U.S.C. § 3553(a) for a sentence that is sufficient, but not greater than necessary, to accomplish the statutory purposes of sentencing, as more specifically addressed in the Memorandum herein.

## MEMORANDUM IN SUPPORT OF VARIANCE

As a result of the Supreme Court's decision in Booker, the sentencing guidelines are now "effectively advisory". U.S. v. Booker, 543 U.S. 220 (2005). The result is that a district court must now "consider ranges," but may "tailor the sentencing in light of the other statutory concerns as well." Id. at 245-246.

1

Title 18 U.S.C. § 3553(a) mandates the District Court to impose a sentence that is "sufficient but not greater than necessary". This mandate is necessary in light of Section 3553(a)(2) which lays out the four purposes of sentencing: (a) retribution (to reflect the seriousness of the offense, to promote respect for the law, to provide "just punishment"); (b) deterrence; (c) incapacitation (to protect the public from future crimes); and, (d) rehabilitation ("to provide the Defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner").

The "sufficient but not greater than necessary" requirement is often recognized as the "parsimony provision." U.S. v. Santoya, 4936 F.Supp.2d 1075 (E.D. Wis., Feb. 6, 2007). It is not just another factor to be considered as set forth in Section 3553(a), it is an independent upper limit on the sentence a court may impose. Courts have used several factors in order to follow this provision. They are (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) "the kinds of sentences available;" (3) the guidelines and policy statements issued by the Sentencing Commission, including the (now non-mandatory) guideline range; (4) the need to avoid unwarranted sentencing disparity; and, (5) the need to provide restitution where applicable. (18 U.S.C. § 3553(a)(1),(a)(3)-(7)) Based on the Statute, as well as case law, these factors appear to be set on equal footing, with no single one being of greater importance than another. However, it does seem certain that these factors are meant to aid the court in achieving the overall goal of imposing a sentence that is "not greater than necessary" to comply with the four purposes of sentencing. Imposing a sentence greater than necessary to meet the purposes of § 3553(a) is reversible, even if within the guideline

range. U.S. v. Ferguson, 456 F.3d 660 (6th Cir. 2006); U.S. v. Jimenez-Beltra, 440 F.3d 514 (1st Cir. 2006).

I. **NATURE AND CHARACTERISTICS OF THE OFFENSE AND THE HISTORY AND CHARACTERISTICS OF THE DEFENDANT.**

**NATURE AND CHARACTERISTICS OF THE OFFENSE**

Mr. Murray pled guilty to Count Nine (9) of the Indictment on May 14, 2019 pursuant to a written plea agreement. The offense for which Mr. House pled guilty was Possession with intent to Distribute Cocaine Base, in violation of 21 U.S.C.§§ 841(a)(1) 841(b)(1)(B). Mr. Murray was one of ten (10) defendants indicted on a fourteen (14) count Indictment wherein Mr. Murray is named in Counts 1, 9, and 10 only.

**HISTORY AND CHARACTERISTICS OF THE DEFENDANT**

The Defendant was born in Charleston, South Carolina, to the patrental union of Cornell and Carolyn Murray. The Defendant moved around a lot as a child and in 2003 his parents moved to Hartsville, SC where they still reside. His father is retired from the United States Navy and is currently employed at Duke Energy as a security guard. His mother is employed as a human resource representative with a local community center. The Defendant was raised in a stable environment and has no history of abuse or neglect during his formative years. The Defendant has a good relationship with his family

Mr. Murray has never been married and does not have any children. He does a passport and did traveled to Mexico in 2017. He has no gang affiliations.

Mr. Murray withdrew from Hartsville High School in the 11th grade and received a General Educational Development (GED) Certificate in May 2019 from Lee Central High School, in Bishopville, SC.

## **THE NEED TO AVOID UNWARRANTED SENTENCING DISPARITY**

Pursuant to the Revised Presentence Investigation Report (PSR), Mr. Murray is in a criminal history category (I) and an offense level of thirty-two (32). This particular criminal history category and offense level would ordinarily place him with a guideline range of one hundred eight (108) to one hundred thirty-five (135) months of imprisonment.

The Defendant was arrested on related state charges on July 1, 2018. He was released on bond on July 3, 2018 serving approximately two (2) days. He was then arrested federally on March 12, 2019 and released on a $25,000 unsecured bond. He was rearrested on May 14, 2019 and detained. He has been incarcerated, without interruption, for approximately five (5) months. Prior to his arrest on July 1, 2018, the Defendant had no criminal history. The lack of the Defendant's criminal history makes a strong statement that the likelihood of recidivism is minimal.

The Preliminary Quarterly Data Report of the United States Sentencing Commission compiled data from October 1, 2008, through September 30, 2009. During that period of time, there were a total of 77,139 cases disposed of. Fifty-Seven percent (57%) or Forty-Three Thousand, Nine Hundred Forty-Five (43,945) cases were sentenced within the guideline range. During this same time, it appears that South Carolina disposed of One Thousand, Seventy (1,070) cases of which Seven Hundred One (701) or Sixty-

Five point Five percent (65.5%) of those were sentenced within the guideline range. (Table 2, page 2, United States Sentencing Commission Quarterly Data Report). The sentencing of Defendants within the guideline range in South Carolina is almost ten percentage points above the national average.

During this same time, non-government sponsored below range cases totaled Twelve Thousand, Two Hundred Sixty-Two (12,262) which was 15.9% of the total cases from the fourth quarter of 2009. (Table 1, page 1, United States Sentencing Commission Quarterly Data Report). During this same time, only 10.3 % of the cases handled by United States District Courts in South Carolina received a below range sentence with Booker. (Table 2, page 3, United States Sentencing Commission Quarterly Data Report). This indicates that nationally, more than 5% of National Defendants are sentenced below the guideline range than those in South Carolina.

In conclusion, to further the desire of the United States Sentencing Commission in avoiding unwarranted sentencing disparity, it would not be unreasonable for this Court to sentence the Defendant to a term of imprisonment beneath that of the advisory guideline range.

## **CONCLUSION**

Based upon the above, the Defendant asks that this Court make factual findings and conclusions regarding each of the above arguments. Further, the Defendant submits that the Guideline range in this case is greater than necessary, to achieve the goals of sentencing under 18 U.S.C. §3553(a). Accordingly, the Defendant respectfully requests

that this Court take into consideration the above factors and sentence the Defendant to the lowest term sufficient to achieve the goals of sentencing under §3553(a)(2).

                        Respectfully Submitted,

                        s/ Wallace Jordan, Jr.

                        WALLACE JORDAN, JR.
                        Federal Id No.: 10158
                        626 West Evans Street/PO Box 2010
                        Florence, South Carolina 29503-2010
                        (843) 662-4474 Tel./(843) 662-6024 Fax
                        Attorney for Defendant

Florence, South Carolina

November 1, 2019